SUMMARY ORDER

Petitioner, Bing Qi Lin, a native and citizen of China, seeks review of an April 28, 2008 order of the BIA affirming the September 26, 2006 decision of Immigration Judge (“U”) Terry Bain denying petitioner’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Bing *380 Qi Lin, No. A 98 349 857 (B.I.A. Apr. 28, 2008), aff'g No. A 98 349 857 (Immig. Ct. N.Y. City Sep. 26, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). The Court reviews de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
1. Family Planning Claim
Lin asserts that he established eligibility for relief based on his fear that he and his future wife would be sterilized if they have more than two children in violation of the Chinese family planning policy. Lin also asserts that the IJ erred in finding his claim speculative because, although he is single and childless, he is “ready and able” to have children. The IJ properly rejected those arguments. As we have held, a claim for asylum based on the Chinese family planning policy is speculative where the applicant is male, unmarried, has no children, and has never had an encounter with the family planning authorities. See Jian Xing Huang v. INS, 421 F.3d 125, 128-29 (2d Cir.2005) (holding that, absent solid support in the record for the petitioner’s assertion that he would be subjected to forced sterilization, his fear was “speculative at best” even though his wife was pregnant with them second child). Nor did the agency err in finding Lin ineligible for relief based on the sterilization of his mother and aunt where we have squarely rejected the notion that “children of those directly victimized by coercive family planning policies” are per se eligible for relief. See Chen v. U.S. Dep’t of Justice, 417 F.3d 303, 305 (2d Cir.2005); Tao Jiang v. Gonzales, 500 F.3d 137, 142 (2d Cir.2007) (finding that sterilization of a petitioner’s mother did not constitute past persecution of the petitioner); see also Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 308 (2d Cir.2007).
Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief on this basis. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
II. Illegal Departure Claim
To the extent that Lin based his application for asylum and withholding of removal on his fear of persecution on account of his illegal departure, we find no error in the agency’s conclusion that he failed to demonstrate any likelihood of persecution, because Lin failed to identify any record evidence that Chinese authorities will impute to him any kind of political opinion. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir.2005). Regardless, as the IJ found, punishment resulting from a “lawful sanction” is not persecution. Qun Yang v. McElroy, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam).
With respect to Lin’s CAT claim, it is well-settled that the agency does not err in finding that a petitioner is not “entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China.” See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005).[2] There *381 fore, the agency did not err in denying CAT relief.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Because Lin has failed to challenge before this Court the denial of his claims based on *381 his asserted fear of loan sharks, we deem any such challenge waived. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.